## J. L. Brasher, et al., v. H. M. McCaskrin.

### Gen. No. 4,522.

1. CONSIDERATION—*what, sufficient, to support agreement to release.*
Compliance with a condition named by a lessor to a lessee, is a sufficient
consideration to support an agreement by the former to release the
latter from the obligations of his contract. *Held*, in this case, proof of
compliance was not made.

Action of assumpsit. Appeal from the Circuit Court of Rock Island
County: the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this
court at the April term, 1905. Affirmed. Opinion filed April 25, 1905.

STURGEON, STELCK & STURGEON, for appellants.

H. M. McCASKRIN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

H. M. McCaskrin recovered against J. L. and Mary O.
Brasher, both before a justice and in the Circuit Court on
appeal, a judgment for $16 for the rent of certain premises
in the city of Rock Island, due February 1, 1903, for that
month, under a written lease from plaintiff to defendants.
Defendants prosecute this further appeal. The proofs
make an undisputed case for plaintiff unless defendants
proved that after the lease was executed plaintiff released
them therefrom for a valuable consideration, or said that
to them which created an estoppel. J. L. Brasher testified
that after the lease was executed plaintiff told him that if
he could get a house with a barn suitable for his horse
plaintiff would release him from the contract, and that the
witness afterward leased another house. Defendants do
not prove that they or J. L. Brasher leased a house with a
barn suitable for a horse, or with a barn of any kind (in
which respect appellants' abstract and briefs are mislead-
ing), nor did they prove when this conversation was had
nor when the witness leased the other house. This may all
have been after the month of February, for the suit was
not begun till September. If we concede that if defend-
ants had complied with the conditions specified, namely,

that they get a house with a barn suitable for their horse, that act by them would furnish a consideration sufficient to support a promise by plaintiff to release them from their contract with him, still they did not show that they complied with that condition. The court therefore properly instructed the jury to find for plaintiff.

The judgment is affirmed.

*Affirmed.*